IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

PAUL K. WANYOIKE,                          :
          Petitioner,                          :
                                               :
    v.                                     :    Civ. No. 14-3016
                                               :
SUPERINTENDENT KERESTES et al.,            :
          Respondents.                         :

**O R D E R**

On May 14, 2014, state prisoner Paul Wanyoike sought habeas relief, challenging his conviction on various grounds, including ineffective assistance of counsel, improper use of evidence at sentencing, double jeopardy, and prosecutorial misconduct. (Doc. Nos. 1, 9.) I referred the matter to Magistrate Judge Rice, who recommends denying relief because the Petition is procedurally defaulted and meritless. (Doc. No. 11.)

No objections to the Report and Recommendation have been raised. Accordingly, I must "satisfy [myself] that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) Advisory Committee Notes; see also Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (the district court must "afford some level of review" when no objections have been made). Having reviewed the Report, I see no clear errors.

First, Petitioner's ineffectiveness claim is procedurally barred because he omitted it from his 1925(b) statement. Willis v. Varner, No. CIV.A. 03-1692, 2004 WL 1109780, at *7 (E.D. Pa. May 13, 2004) ("[F]ailure to include [due process claim] in Petitioner's 1925(b) statement is based upon an adequate and independent state procedural rule."). Petitioner thus may not raise a claim related to counsel's failure to inform him of his right to contact the Kenyan Consulate to seek legal assistance. Second, Petitioner's ineffectiveness claim is meritless because he did not allege any deficiencies based on trial counsel's purported conflict of interest. See Cuyler v.

Sullivan, 446 U.S. 335, 348, 100 S. Ct. 1708, 1718, 64 L. Ed. 2d 333 (1980) (Petitioner must allege that "actual conflict of interest adversely affected his lawyer's performance").  Third, Petitioner has not alleged prejudice with respect to the performance of appellate counsel. Coleman v. Thompson, 501 U.S. 722, 724 (1991) (petitioner must show prejudice as a result of the alleged violation of federal law).  Finally, Petitioner may not state a claim of PCRA counsel's ineffectiveness.  See 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief.").

Moreover, Petitioner has also failed to demonstrate any prejudice relating to the trial court's reliance on impermissible evidence, namely stricken testimony, at sentencing.  Apprendi v. New Jersey, 530 U.S. 466, 481, (2000) (judges have discretion "in the sources and types of evidence" used at sentencing).  Although Petitioner's sentence deviated from the Guidelines, there is no double jeopardy protection against being sentenced in excess of the statutory maximum.  Garrett v. United States, 471 U.S. 773, 793, (1985) ("[T]he Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended.") (citations omitted); Blakely v. Washington, 542 U.S. 296, 305, (2004) (indeterminate sentencing schemes, like those used in Pennsylvania, do not violate the Sixth Amendment).  Finally, Petitioner's claim of prosecutorial misconduct is meritless because he has offered no facts indicating that an *ex parte* communication occurred between the prosecutor and the trial court.

**AND NOW**, this 3rd day of September, 2015, it is hereby **ORDERED** that:

1. The Petition for a Writ of Habeas Corpus (Doc. No. 1) is **DENIED**;

2. The Magistrate Judge's Report and Recommendation (Doc. No. 11) is **APPROVED AND ADOPTED**; and

3. Because Petitioner has not made a substantial showing of the denial of a constitutional right, there are no grounds on which to issue a certificate of appealability

4. The Clerk of Court shall mark this case as closed for statistical purposes.

                                            **IT IS SO ORDERED.**

                                            */s/ Paul S. Diamond*
                                            _____
                                            Paul S. Diamond, J.